FILED & JUDGMENT ENTERED
Steven T. Salata

December  21  2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## SHELBY DIVISION

In Re:

**JUAN JOSE CORCHADO**                    **Case No. 17-40025**
**SSN: xxx xx 5723**                              **Chapter 7**

                        **Debtor.**

_____

## ORDER GRANTING TRUSTEE'S APPLICATION TO EMPLOY AUCTIONEER NUNC PRO TUNC TO DECEMBER 17, 2017

**THIS CAUSE** coming on to be heard and being heard before the undersigned Judge of the United States Bankruptcy Court for the Western District of North Carolina, Shelby Division, upon the Trustee's Application to Employ Auctioneer to Conduct Public and Private Sales and Declaration previously filed herein; and it appearing to the Court that no Notice and a Hearing as that phrase is defined in the Bankruptcy Code and the Rules of Bankruptcy Procedure is required in this matter; and from the Trustee's Application herein as well as the record, the Court makes the following:

### FINDINGS OF FACT

1. That Frederick L. Henderson Jr. is the duly qualified and acting Trustee in this estate.

2. That the assets of this estate will include a 2015 Nissan Frontier to be turned over to the Trustee by the debtor in this case pursuant to a proposed settlement agreement that will be submitted to the Court for approval contemporaneously with this application.

3. In order to liquidate said assets for the benefit of creditors, it will be necessary to sell said property.

4.      From his experience as a Trustee and observation of professional standards, your applicant is satisfied that the best and highest net recovery to this estate will arise by selling the property at public and private sales through the employment and services of a licensed auctioneer.

5.      The Trustee has received from Gary Boyd of Gary Boyd Auction & Real Estate, a licensed auctioneer, an offer to liquidate said property at public and private sales upon the following terms and conditions:

   a.      Auctioneer to be reimbursed actual and necessary expenses, including, but not limited to, relocating assets, set-up, advertising, lotting, security personnel, check-out, clean-up, etc. in an amount to be approved by the Court.  Without limiting the generality of the foregoing, said expenses will include display type advertisements in newspapers, the internet, a general mailing or flier to the trade in the case of public sale.

   b.      The auctioneer is to receive a commission in an amount as approved by the Court on the gross sales of all public and private sales conducted by the auctioneer.

6.      The Trustee is informed and believes, and therefore alleges, that the granting of this Application is in the best interest of this estate and accordingly, that the Court should approve said employment as provided in 11 U.S.C. Section 327(a).  From the Declaration made by Gary Boyd of Gary Boyd Auction & Real Estate, in connection with his employment as auctioneer herein, the Trustee is informed and believes that said auctioneer is a disinterested person within the meaning of 11 U.S.C. Section 101(14), and accordingly, that it is appropriate to employ said auctioneer under the provisions of 11 U.S.C. Section 327(a).

7.      The auctioneer is aware of the provisions of 11 U.S.C. Section 328 and has agreed, notwithstanding the terms and conditions of employment herein set forth, that the Court may allow compensation different from the compensation provided herein if such terms and conditions prove to have been improvident in light of developments unable to be anticipated at the time of the fixing of such terms and conditions.

8.      The auctioneer may be required to relocate estate assets to another secure location. The Trustee requests that his employment of the auctioneer be allowed to include moving and storing services as necessary to facilitate the sale of the assets herein.

9.      The debtor in this case did already arrange for the auctioneer to pick up the 2015 Nissan Frontier on December 17, 2017, and the auctioneer has secured the vehicle.

## CONCLUSIONS OF LAW

Allowing the Trustee to employ Gary Boyd of Gary Boyd Auction & Real Estate as auctioneer to conduct public and private sales of the assets of this estate is in the best interest of the estate and accordingly, the Court should approve said employment as provided in 11 U.S.C. Section 327(a).  Furthermore, Gary Boyd is a disinterested person within the meaning of 11 U.S.C. Section 101(14).

**IT IS THEREFORE ORDERED** that the Trustee be, and he hereby is, authorized *nunc pro tunc* to December 17, 2017, to employ Gary Boyd of Gary Boyd Auction & Real Estate as auctioneer to conduct public and private sales and to move and to store assets as may be required in this estate  in this estate on the terms and conditions set forth herein as well as terms and conditions to be more fully set forth in specific Applications for authority to sell filed by the Trustee herein related to various contemplated sales.

This Order has been signed
electronically. The judge's
signature and court's seal
appear at the top of the Order

United States Bankruptcy Court